1  Michael T. Hornak (State Bar No. 81836)
   mhornak@rutan.com
2  Alejandro S. Angulo (State Bar No. 217823)
   aangulo@rutan.com
3  Lucas K. Hori (State Bar No. 294373)
   lhori@rutan.com
4  RUTAN & TUCKER, LLP
   611 Anton Boulevard, Suite 1400
5  Costa Mesa, California 92626-1931
   Telephone:   714-641-5100
6  Facsimile:   714-546-9035

7  Attorneys for Defendants
   LULAROE, LLC; LLR, INC.; DEANNE BRADY; and
8  MARK STIDHAM

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                        (OAKLAND DIVISION)

12

13  JULIE DEAN and SUZANNE JONES, on           Case No. 4:17-cv-01579-JSW
    behalf of themselves and all others similarly
14  situated,

15               Plaintiffs,                    **NOTICE OF MOTION AND MOTION TO
                                                DISMISS CLASS ACTION COMPLAINT**
16         vs.
                                                Hon. Jeffrey S. White
17  LULAROE, LLC; LLR, INC.; DEANNE            Date:          June 9, 2017
    BRADY; and MARK STIDHAM,                    Time:          9:00 A.M.
18                                              Courtroom:     5
                 Defendants.
19
                                                Date Action Filed:   March 23, 2017
20                                              Trial Date:          n/a

21

22

23

24

25

26  / / /

27  / / /

28  / / /

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1

# TABLE OF CONTENTS

2

Page

3

SUMMARY OF ARGUMENT ....................................................................vii

4

NOTICE OF MOTION ...............................................................................1

5

RELIEF REQUESTED ...............................................................................1

6

MEMORANDUM OF POINTS AND AUTHORITIES ............................1

7

INTRODUCTION.......................................................................................1

8

STATEMENT OF ISSUES TO BE DECIDED..........................................2

9

SUCCINCT STATEMENT OF RELEVANT FACTS................................2

10

ARGUMENT ..............................................................................................3

11

I.     PLAINTIFFS DO NOT STATE A CLAIM FOR UCL FRAUDULENT
       PRACTICES ....................................................................................3

12

13

       A.     Plaintiffs Fail to Plead Any Misrepresentation By LLR with
              Specificity.............................................................................4

14

       B.     LLR Did Not Have A Duty to Disclose the Alleged Defects ...............4

15

       C.     The Alleged Defects Were Not in LLR's "Exclusive Knowledge."......5

16

II.    PLAINTIFFS DO NOT STATE A CLAIM FOR VIOLATION OF THE
       FAL .................................................................................................5

17

18

III.   PLAINTIFFS DO NOT STATE A CLAIM FOR VIOLATION OF THE
       CLRA ..............................................................................................6

19

       A.     Plaintiffs Have Not Alleged a "Deceptive Act."............................6

20

       B.     Plaintiffs Have Not Alleged Pre-Sale Notice of A Defect ...................7

21

       C.     Plaintiffs Failed to File the Affidavit Required Under Civil Code §
              1780(d) ................................................................................8

22

23

IV.    PLAINTIFFS DO NOT STATE A CLAIM FOR UCL UNFAIR
       PRACTICES ....................................................................................8

24

       A.     Plaintiffs Do Not Satisfy Any Applicable Test for "Unfair" Conduct....8

25

       B.     Plaintiffs Have Not Alleged Pre-Sale Notice of A Defect ...................9

26

V.     PLAINTIFFS DO NOT STATE A CLAIM FOR UCL UNLAWFUL
       PRACTICES ....................................................................................9

27

28

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

-i-

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

**Page**

VI. ALTERNATIVELY, UCL OR FAL EQUITABLE RELIEF IS NOT AVAILABLE BECAUSE PLAINTIFFS HAVE AN ADEQUATE LEGAL REMEDY ................................................................................................10

VII. PLAINTIFFS DO NOT STATE A CLAIM FOR BREACH OF IMPLIED WARRANTY BECAUSE THEY LACK PRIVITY WITH LLR ....................11

VIII. PLAINTIFFS DO NOT STATE A CLAIM FOR BREACH OF EXPRESS WARRANTY BECAUSE THEY HAVE ALLEGED NO EXPRESS PROMISE.....................................................................................................12

IX. "UNJUST ENRICHMENT" ............................................................13

X. PLAINTIFFS DO NOT ASSERT A PLAUSIBLE THEORY OF LIABILITY AGAINST THE INDIVIDUAL DEFENDANTS.......................13

XI. CALIFORNIA LAW DOES NOT APPLY TO PLAINTIFF DEAN'S CLAIMS..................................................................................................14

XII. PLAINTIFFS DO NOT HAVE STANDING TO SEEK INJUNCTIVE RELIEF ..................................................................................................15

CONCLUSION .....................................................................................................15

Rutan & Tucker, LLP
attorneys at law

-ii-

2610/033910-0002
10868583.3 a05/04/17

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**FEDERAL CASES**

4

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ..................................................................................... vii, 3, 13

5

6

*Baltazar v. Apple, Inc.,*
   2011 WL 3795013 (N.D. Cal. Aug. 26, 2011, Fogel, J.) .........................................12

7

8

*Bird v. First Alert, Inc.,*
   2014 WL 7248734 (N.D. Cal. Dec. 19, 2014, Hamilton, J.).....................................11

9

*Burdt v. Whirlpool Corp.,*
   2015 WL 4647929 (N.D. Cal. Aug. 5, 2015, White, J.) .........................................7, 9

10

*Castagnola v. Hewlett-Packard Co.,*
   2012 WL 2159385 (N.D. Cal. June 13, 2012, White, J.)................................8, 14, 15

11

12

*Chambers v. CVS Pharm., Inc.,*
   2009 WL 2579661 (S.D. Cal. Aug. 19, 2009, Houston, J.) .....................................15

13

14

*Clemens v. DaimlerChrysler Corp.,*
   534 F.3d 1017 (9th Cir. 2008)..............................................................................11

15

16

*Dana v. Hershey Co.,*
   180 F. Supp. 3d 652, 668 (N.D. Cal. 2016, Spero, Mag. J.) ......................................6

17

*Donohue v. Apple, Inc.,*
   871 F. Supp. 2d 913 (N.D. Cal. 2012, Whyte, J.) .............................................. vii, 4, 7

18

19

*Duttweiler v. Triumph Motorcycles (Am.) Ltd.,*
   2015 WL 4941780 (N.D. Cal. Aug. 19, 2015, Gilliam, J.)............................... vii, 10

20

21

*Goodrich v. Briones (In re Schwarzkopf),*
   626 F.3d 1032 (9th Cir. 2010)..............................................................................13

22

*Hall v. SeaWorld Entm't, Inc.,*
   2015 WL 9659911 (S.D. Cal. Dec. 23, 2015, Bencivengo, J.) ...............................4, 7

23

24

*Herron v. Best Buy Co.,*
   924 F. Supp. 2d 1161 (E.D. Cal. 2013, Burrell J.).....................................................9

25

26

*Hodgers-Durgin v. de la Vina,*
   199 F.3d 1037 (9th Cir. 1999)..............................................................................15

27

*Hodges v. Apple Inc.,*
   2013 WL 4393545 (N.D. Cal. Aug. 12, 2013, Orrick, J.).........................................10

28

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

-iii-

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

Page(s)

FEDERAL CASES (CONT.)

*Hodsdon v. Mars, Inc.*,
  162 F. Supp. 3d 1016, 1026 (N.D. Cal. 2016, Seeborg, J.)..........................................................5

*In re Coca-Cola Prods. Mktg. & Sales Practices Litig. II*,
  2016 WL 2930964 (N.D. Cal. May 19, 2016, White, J.) ............................................................4

*In re Conagra Foods, Inc.*,
  90 F. Supp.3d 919, 984 (C.D. Cal. 2015, Morrow J.)................................................................12

*In re First Alliance Mortg. Co.*,
  471 F.3d 977 (9th Cir. 2006)......................................................................................................10

*In re iPhone 4S Consumer Litig.*,
  2014 WL 589388 (N.D. Cal. Feb. 14, 2014, Wilken, J.) ............................................ vii, 12, 13

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009)..................................................................................................3, 4

*Khasin v. R.C. Bigelow*,
  2013 WL 2403579 (N.D. Cal. May 31, 2013, White J.) ............................................................13

*Long v. Postorivo*,
  2007 WL 2990457 (N.D. Cal. Oct. 11, 2007, Breyer, J.) ..........................................................13

*Mazza v. Am. Honda Motor Co., Inc.*,
  666 F.3d 581 (9th Cir.)...............................................................................................................15

*Monaco v. Liberty Life Assur. Co.*,
  2007 WL 1140460 (N.D. Cal. Apr. 17, 2007, Jenkins, J.)........................................................14

*Pelayo v. Nestle USA, Inc.*,
  989 F. Supp. 2d 973 (C.D. Cal. 2013, Walter, J.) ......................................................................4

*Rahman v. Mott's LLP*,
  2014 WL 5282106 (N.D. Cal. Oct. 15, 2014, Illston, J.) ................................................... vii, 15

*Rice v. Sunbeam Prods.*,
  2013 WL 146270 (C.D. Cal. Jan. 7, 2013, Synder, J.)................................................................6

*Spokeo, Inc. v. Robins*,
  136 S.Ct. 1540 (2016) ................................................................................................................15

*Sud v. Costco Wholesale Corp.*,
  2017 WL 345994 (N.D. Cal. Jan. 24, 2017, White, J.)............................................................5, 6

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003).....................................................................................................3

Rutan & Tucker, LLP
attorneys at law

-iv-

2610/033910-0002
10868583.3 a05/04/17

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

                                                                                          **Page(s)**

**FEDERAL CASES (CONT.)**

*Wang v. OCZ Tech. Group, Inc.,*
  276 F.R.D. 618 (N.D. Cal. 2011, Grewal, Mag. J.) .......................................................... vii, 14

*Williamson v. Apple, Inc.,*
  2012 WL 3835104 (N.D. Cal. Sep. 4, 2012, Davila, J.) ........................................................6, 7

*Wilson v. Hewlett-Packard Co.,*
  668 F.3d 1136 (9th Cir. 2012) ................................................................................... vii, 5

*Wolph v. Acer Am. Corp.,*
  2009 WL 2969467 (N.D. Cal. Sept. 14, 2009, White, J.) ........................................... vii, 11, 13

*ZL Techs. Inc. v. Gartner, Inc.,*
  2009 WL 3706821 (N.D. Cal. Nov. 4, 2009, Fogel J.) .............................................................10

**CALIFORNIA CASES**

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,*
  20 Cal. 4th 163 (1999)........................................................................................................8, 9

*Daugherty v. Am. Honda Motor Co.,*
  144 Cal. App. 4th 824 (2006).....................................................................................................8

*LiMandri v. Judkins,*
  52 Cal. App. 4th 326 (1997).......................................................................................................5

*Norwest Mortgage, Inc., v. Superior Ct.,*
  72 Cal. App. 4th 214 (1999)......................................................................................................14

*Prudential Home Mortg. Co. v. Superior Court,*
  66 Cal. App. 4th 1236 (1998)....................................................................................................10

**CALIFORNIA STATUTES**

Business & Professions Code
  sections 17200 *et seq.* (Unfair Competition Law ("UCL"))............ vii, 2, 3, 4, 5, 8, 9, 10, 14, 15
  sections 17500 *et seq.* (False Advertising Law ("FAL")) ................... vii, 2, 3, 4, 5, 6, 10, 14, 15

Civil Code
  sections 1750 *et seq.* (Consumer Legal Remedies Act ("CLRA")) . vii, 2, 3, 4, 6, 7, 8, 9, 10, 11,
  14, 15
  section 1770(1)(16) ......................................................................................................... vii
  section 1770(a) ........................................................................................................... vii, 6
  section 1780(d)............................................................................................................ vii, 8

Rutan & Tucker, LLP
*attorneys at law*

–v–

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

2610/033910-0002
10868583.3 a05/04/17

**Page(s)**

**CALIFORNIA STATUTES (CONT.)**

Commercial Code
  section 2103...........................................................................................................12
  section 2103(1)(d) ................................................................................................12
  section 2104...........................................................................................................12
  section 2313...........................................................................................................12

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure
  Rule 8 ....................................................................................................................13
  Rule 8(a)(2) .............................................................................................................3
  Rule 9 .......................................................................................................................3
  Rule 9(b).................................................................................................vii, 3, 6, 7
  Rule 12(1)(b)..........................................................................................................15
  Rule 12(b)(1), (6) ....................................................................................................1

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

**SUMMARY OF ARGUMENT**

1     Plaintiffs have not adequately pled a claim under California's Unfair Competition Law (the

2 "UCL"), False Advertising Law (the "FAL"), the California Consumer Legal Remedies Act (the

3 "CLRA"), or for breach of implied or express warranty or unjust enrichment.

4     Plaintiffs' claims are based on fraud and are subject to the requirements of Rule 9(b), but

5 Plaintiffs allege only vague "photos" which do not suffice. Further, a "representation" conveyed

6 by a product's appearance cannot give rise to liability. *Donohue v. Apple, Inc.*, 871 F. Supp. 2d

7 913, 924 (N.D. Cal. 2012, Whyte, J.). Plaintiffs' omissions claims fail because Defendants had no

8 duty to disclose. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012).

9     Plaintiffs' CLRA claim also fails because they have not alleged an actionable

10 misrepresentation under California Civil Code section 1770(a). In addition, it must be dismissed

11 because (1) Plaintiffs have not alleged that Defendants had pre-sale notice of a defect; and (2)

12 because Plaintiffs did not comply with statutory affidavit requirements. Cal. Civ. Code § 1780(d).

13     The Complaint does not support a claim under the "unfair" prong of the UCL for these

14 same reasons and also because Plaintiffs allege benefits of Defendants' practices. Plaintiffs' claim

15 under the UCL's "unlawful" prong fails due to lack of a predicate violation. Plaintiffs cannot

16 assert UCL and FAL claims because an adequate legal remedy exists. *Duttweiler v. Triumph*

17 *Motorcycles (Am.) Ltd.*, 2015 WL 4941780, at *8 (N.D. Cal. Aug. 19, 2015, Gilliam, J.).

18     Plaintiffs' claims for (1) implied warranty fails for lack of allegations supporting privity,

19 *Wolph v. Acer Am. Corp.*, 2009 WL 2969467, at *2 (N.D. Cal. Sept. 14, 2009, White, J.), and; (2)

20 express warranty fails for lack of an unequivocal statement. *In re iPhone 4S Consumer Litig.*,

21 2014 WL 589388, *8 (N.D. Cal. Feb. 14, 2014, Wilken, J.).

22     Plaintiffs have not alleged a plausible claim against the individual defendants. *Ashcroft v.*

23 *Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).

24     As an alleged Massachusetts citizen, Plaintiff Dean cannot assert claims under California

25 law. *Wang v. OCZ Tech. Group, Inc.*, 276 F.R.D. 618, 629 (N.D. Cal. 2011, Grewal, Mag. J.).

26 Lastly, Plaintiffs now know of the alleged deception, and have no standing to seek injunctive

27 relief. *Rahman v. Mott's LLP*, 2014 WL 5282106, at *6 (N.D. Cal. Oct. 15, 2014, Illston, J.).

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on June 9, 2017, at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 5 of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, defendants LLR, Inc.; LuLaRoe, LLC (together with LLR, Inc., "LLR"); Deanne Brady; and Mark Stidham will bring on for hearing this Motion to Dismiss Plaintiffs Suzanne Jones and Julie Dean's (collectively, "Plaintiffs") Class Action Complaint.

## RELIEF REQUESTED

Dismissal of each claim in the Class Action Complaint. Fed. R. Civ. Proc. 12(b)(1), (6).

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

LLR's top priority is satisfying every purchaser of its clothing. Plaintiffs' Complaint itself references the company's achievements, admitting that LLR has become "very successful" with over "80,000 Fashion Consultants" who independently sell its product. Complaint ¶¶ 7, 36. This success is due in large part to LLR's dedication to consistently providing high-quality, stylish, and affordable apparel. Nonetheless, Plaintiffs now assert that LLR "misrepresented" and "concealed" facts relating to women's leggings, which Plaintiffs falsely assert are "defective."

Plaintiffs do not have any legitimate dispute with LLR, and certainly not with its individual executives, against whom they allege no plausible claim. Instead, the motivation behind their lawsuit is a class action pay-out. Tellingly, rather than explain their claims in any detail, Plaintiffs spill a good deal of ink on criticisms of the multi-level marketing model as a whole. This focus is unsurprising. Despite complaining that she was "deceived" into buying LLR's leggings, Plaintiff Jones is in fact a former independent retailer who sold over $25,000 of product last year and quit over dissatisfaction with LLR. Request for Judicial Notice ("RJN"), *Ex. 2*. Moreover, Plaintiff Dean—a Massachusetts citizen who cannot invoke California consumer protection statutes—is an administrator of the same Facebook forum that Plaintiffs rely upon to allege widespread customer complaints. *Id.*, *Ex. 1*. *It is therefore clear that this lawsuit is not about vindication of consumer rights, but rather, Plaintiffs' self-serving vendetta.*

Parsing through Plaintiffs' irrelevant allegations, the Complaint fails to adequately plead

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

-1-

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1   any viable legal claim.  While Plaintiffs assert consumer claims sounding in fraud under

2   California's Unfair Competition Law (the "UCL," Cal. Bus. & Prof. Code §§ 17200 *et seq.*), False

3   Advertising Law (the "FAL," Cal. Bus. & Prof. Code §§ 17500 *et seq.*), and the California

4   Consumer Legal Remedies Act (the "CLRA," Cal. Civ. Code § 1750 *et seq.*), they rely solely on

5   vague references to online "photos," and do not plead any actionable statement or omission with

6   the required specificity.  Further, as explained below, Plaintiffs' statutory claims also fail because

7   Plaintiffs (1) do not adequately allege LLR had pre-sale notice of the ostensible defects;

8   (2) improperly assert equitable claims where a legal remedy exists; and (3) ignore the very

9   benefits of the business practices that they raise in their pleading.  Plaintiffs' warranty claims are

10  similarly defective because the Complaint fails to allege privity (a necessary element for an

11  implied warranty) or a written guarantee (a necessary element for an express warranty).  Lastly,

12  Plaintiffs, who are well aware of the disputed practices, lack standing to seek injunctive relief.  As

13  a result, LLR respectfully requests that the Court dismiss the entire Complaint.

14  **STATEMENT OF ISSUES TO BE DECIDED**

15          Whether Plaintiffs have stated a valid claim for relief under the UCL, FAL, and CLRA or

16  for breach of implied warranty, breach of express warranty, or unjust enrichment.

17          Whether Plaintiff Dean, a Massachusetts citizen, may assert claims under California law.

18          Whether Plaintiffs have standing to seek injunctive relief for speculative future injury.

19  **SUCCINCT STATEMENT OF RELEVANT FACTS**

20          Plaintiffs claim that LLR[1] and its founders, Deanne Brady and Mark Stidham, sell

21  defective leggings that tear easily.  Complaint ¶¶ 8, 9.  While the Complaint discusses LLR's

22  alleged "multi-level marketing" practices at length, *see id.* ¶¶ 4, 33-43, the allegations related to

23  *Plaintiffs' own* experiences with LLR products are limited.  Each Plaintiff asserts that at some

24  unspecified time "in 2016," she "saw photos of the leggings online" and "believed they were

25  suitable for ordinary use." *Id.* ¶¶ 19, 22.  After purchasing the leggings from a "Fashion

26  Consultant," i.e., an independent contractor who sells LLR's products, both Plaintiffs allege that

27  
---
28  [1]   Plaintiffs bring claims against both "LuLaRoe, LLC" and "LLR, Inc."  LuLaRoe, LLC is not
     the manufacturer of legging products and is not a proper defendant.  Defendants reserve the right
     to demand dismissal of LuLaRoe, LLC if any of Plaintiffs' claims survive the pleading stage.

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

-2-
NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1    they developed holes. *Id.* Plaintiff Jones further states that she discovered that a pair of leggings

2    she purchased was small in size. *Id.* ¶ 22.

3        Plaintiffs assert that LLR was on notice of the asserted flaws, relying on undated customer

4    complaints allegedly found on the website of the Better Business Bureau, a "Facebook group,"

5    and an undated "e-mail" from an agent of LLR ostensibly recognizing that the company weakens

6    fabric fibers to create more comfortable products. *Id.* ¶¶ 10, 57-61. While Plaintiffs summarily

7    allege that LLR has a general "no return" policy, *id.* ¶ 49, they notably omit any mention of what

8    occurred after *they* purchased the allegedly defective leggings, and fail to claim that they

9    attempted to return the leggings or were denied a return. *See generally, id.* ¶¶ 19, 22.

10       Based on these allegations, Plaintiffs assert claims for unfair, fraudulent, and unlawful

11   business practices under the UCL; violation of the FAL; violation of the CLRA; breach of express

12   and implied warranties; and unjust enrichment. *Id.* ¶¶ 73-131.

13                                    **ARGUMENT**

14       "A pleading that states a claim for relief must contain . . . a short and plain statement of the

15   claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). A complaint

16   must provide factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v.*

17   *Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).

18   **I.    PLAINTIFFS DO NOT STATE A CLAIM FOR UCL FRAUDULENT PRACTICES.**

19       Plaintiffs' statutory claims, including their claim under the "fraudulent" prong of the UCL,

20   each sound in fraud. Plaintiffs assert that LLR made misrepresentations to induce sales. *See, e.g.,*

21   Complaint ¶ 85 ("Defendants have misrepresented the quality and suitability of use of their

22   products."). Pursuant to Rule 9 of the Federal Rules of Civil Procedure, "[i]n alleging fraud or

23   mistake, a party must state with particularity the circumstances constituting fraud and

24   mistake." Fed. R. Civ. P. 9(b). This means that "[a]verments of fraud must be accompanied by

25   'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp.*

26   *USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9(b) applies to all fraud-based claims under the

27   UCL, the CLRA, and the FAL. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

28   Claims under these statutes are governed by the "reasonable consumer" standard, which requires a

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

-3-

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1   probability that a "significant portion" of the public acting reasonably could be misled. *Pelayo v.*
2   *Nestle USA, Inc.,* 989 F. Supp. 2d 973, 977-78 (C.D. Cal. 2013, Walter, J.).

3       **A.    Plaintiffs Fail to Plead Any Misrepresentation By LLR with Specificity.**

4       Plaintiffs' claims do not come close to satisfying Rule 9.  The Complaint asserts only that
5   at some time in 2016 Plaintiffs saw unspecified "photos" which ostensibly led them to believe that
6   the leggings were "suitable for ordinary use."  Complaint ¶¶ 19, 22.[2]  Plaintiffs provide no details
7   about (1) where these photos were located on the internet; (2) whether LLR or some other party
8   hosted the relevant webpage; or (3) the date they allegedly viewed the photos and purchased the
9   leggings.  In fact, based on Plaintiffs' allegations, it is possible that the purportedly offending
10  "photos" were simply posted on a private individual's social media page, such as a Facebook or
11  Instagram profile.  LLR cannot be liable for online content of third parties; lacking essential
12  details, Plaintiffs' claim cannot proceed.  *See Kearns,* 567 F.3d at 1127.

13      Even assuming that Plaintiffs had otherwise met Rule 9 pleading requirements (they do
14  not), the only ostensible "representation" that they cite (an online "photo") is not actionable.  This
15  is because a "'representation' conveyed by a product's appearance *alone*" cannot give rise to
16  liability.  *Donohue v. Apple, Inc.,* 871 F. Supp. 2d 913, 924 (N.D. Cal. 2012, Whyte, J.); *Hall v.*
17  *SeaWorld Entm't, Inc.,* 2015 WL 9659911, at *10 n.15 (S.D. Cal. Dec. 23, 2015, Bencivengo, J.)
18  ("To the extent Plaintiffs intend at some point to argue that images or videos of whales on
19  SeaWorld's website or in SeaWorld's advertisements are themselves misleading and can form the
20  basis for their claims, Plaintiffs offer no support for such a proposition and the Court declines to
21  hold that 'a representation conveyed by a product's appearance alone can give rise to liability for
22  fraud.'" (citations omitted)).  Lacking an actionable misrepresentation, Plaintiffs' fraud claims fail.

23      **B.    LLR Did Not Have A Duty to Disclose the Alleged Defects.**

24      Insofar as Plaintiffs' claim under the UCL's fraudulent prong is based on omissions, *see*

25

26  [2]   Plaintiffs also assert statements at an unspecified location that LLR leggings could be worn at
    "Pilates class" or "for a girls night."  Complaint ¶ 45.  Plaintiffs do not, however, allege that they
27  saw these statements before making purchases, and thus may not use them to support claims.  *In re*
    *Coca-Cola Prods. Mktg. & Sales Practices Litig. II,* 2016 WL 2930964, at *3 (N.D. Cal. May 19,
28  2016, White, J.) (UCL, FAL, and CLRA each "require[] a showing of actual reliance").  In any
    event, Plaintiffs also fall well short of Rule 9's "who, what, when, where, and how" standard.

Rutan & Tucker, LLP
*attorneys at law*

2610/033910-0002
10868583.3 a05/04/17

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1    Complaint ¶ 86-88, it is likewise inadequate. "Absent a duty to disclose, the failure to do so does

2    not support a claim under the fraudulent prong of the UCL." *Hodsdon v. Mars, Inc.*, 162 F. Supp.

3    3d 1016, 1026 (N.D. Cal. 2016, Seeborg, J.) (*quoting Berryman v. Merit Prop. Mgmt., Inc.*, 152

4    Cal. App. 4th 1544, 1557 (2007)). "California courts have generally rejected a broad obligation to

5    disclose . . . ." *Wilson v. Hewlett-Packard Co.* ("*Wilson*"), 668 F.3d 1136, 1141 (9th Cir. 2012).

6    In *Wilson*, the Ninth Circuit held that absent affirmative misrepresentations, an obligation to

7    disclose under California law extends only to matters of product safety. *Id.* at 1141-43. This

8    Court adopted *Wilson*'s holding in *Sud v. Costco Wholesale Corp.*, 2017 WL 345994, at *6-7

9    (N.D. Cal. Jan. 24, 2017, White, J.).

10       Here, Plaintiffs do not (and cannot) assert that their alleged concerns with LLR's leggings

11   carry any safety risk. Further, as set forth above, Plaintiffs have not adequately pled any

12   affirmative misrepresentation that would give rise to a duty to disclose. Section I.A, *supra.* As a

13   result, under *Wilson*, LLR cannot be held liable for the alleged omission.

14       **C.     The Alleged Defects Were Not in LLR's "Exclusive Knowledge."**

15       Presumably relying on California case law applicable to *common law fraud*, not statutory

16   claims, Plaintiffs assert that LLR has a duty to disclose facts in its exclusive knowledge.

17   Complaint ¶ 78; *see LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997). Even ignoring the

18   legal shortcomings of this theory, the allegations of the Complaint themselves undermine any

19   contention that LLR had "exclusive knowledge" of the claimed leggings' defects. The Complaint

20   alleges, for example, that "approximately 19,000 members" of the public are members of a

21   Facebook group dedicated to complaints about the leggings, *id.* ¶ 58; that "thousands of outraged

22   Customers across the United States have posted complaints," *id.* ¶¶ 56, 8; and that LLR wrote a

23   "company-wide" e-mail about the alleged defects. *Id.* at ¶ 10. All of these more specific

24   allegations are inconsistent with the bald assertion that LLR "concealed" a product defect within

25   its exclusive knowledge, or correspondingly, had a duty to disclose arising from such knowledge.

26   **II.    PLAINTIFFS DO NOT STATE A CLAIM FOR VIOLATION OF THE FAL.**

27       The FAL makes it unlawful for any person to "induce the public to enter into any

28   obligation" based on a statement that is "untrue or misleading, and which is known, or which by

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

-5-

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1  the exercise of reasonable care should be known, to be untrue or misleading . . . ." Cal. Bus. &

2  Prof. Code § 17500.  As set forth above in Section I.A, *supra*, Plaintiffs' vague reference to a

3  "photo" does not adequately allege a misleading or untrue statement under the FAL, and certainly

4  not with the specificity required to satisfy the requirements to plead fraud under Rule 9(b).

5          Further, insofar as Plaintiffs also purport to assert an FAL omissions claim, *see* Complaint

6  ¶ 104, that claim also fails, as "[t]here can be no FAL [omission] claim where there is no

7  'statement' at all." *Dana v. Hershey Co.*, 180 F. Supp. 3d 652, 668 (N.D. Cal. 2016, Spero, Mag.

8  J.).  Plaintiffs do not allege an actionable statement.  And an FAL claim based *solely* on an

9  omission cannot proceed.  *Sud*, 2017 WL 345994 at *10.  Count IV (FAL) must also be dismissed.

10 **III.    PLAINTIFFS DO NOT STATE A CLAIM FOR VIOLATION OF THE CLRA.**

11        **A.    Plaintiffs Have Not Alleged a "Deceptive Act."**

12          The CLRA prohibits a list of "deceptive acts or practices undertaken by any person in a

13 transaction intended to result or which results in the sale . . . of goods or services to any

14 consumer." Cal. Civ. Code § 1770(a).  Plaintiffs allege LLR committed four "deceptive practices"

15 listed in the CLRA.  Complaint ¶ 111.  One such practice, namely, misrepresenting that the

16 leggings had been supplied in accordance with *prior representations*, is not supported by any facts

17 in the Complaint, as Plaintiffs base their claims on "photos" without alleging any "prior

18 representations."  Complaint ¶ 111(d) (*citing* Cal. Civ. Code § 1770(1)(16) [sic]).  The other three

19 alleged practices involve representations regarding the "characteristics" or "quality" of the

20 legging.  Complaint ¶ 111(a)-(c) (*citing* Cal. Civ. Code §§ 1770(a)(5); (a)(7); (a)(9)).

21          To allege a misrepresentation under the CLRA, "a plaintiff must allege a plausible

22 interpretation of a representation that defendant actually made . . . .." *Rice v. Sunbeam Prods.*,

23 2013 WL 146270, *6 (C.D. Cal. Jan. 7, 2013, Synder, J.) (dismissing CLRA claims against crock-

24 pot merchant).  As discussed in detail above, Plaintiffs assert no "representation" on LLR's part

25 other than non-descript online "photos."[3]  Plaintiffs failure to allege any details related to this

26

---

27 [3]    The Complaint does not allege an omission-based CLRA theory. *See* Complaint ¶¶ 105-114.
   Even if it had, "[o]missions are actionable under the CLRA only when the omission is contrary to

28 a representation actually made by the defendant or where a duty to disclose exists." *Williamson*,
   2012 WL 3835104 at *6 (*citing Keegan v. Am. Honda Motor Co*, 838 F. Supp. 2d 929, 939 (C.D.
   Cal. 2012, Morrow J.)).  Here, there is neither an actionable statement nor a duty to disclose.

Rutan & Tucker, LLP
attorneys at law

-6-

2610/033910-0002
10868583.3 a05/04/17

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1  "representation" alone undermines their CLRA claim. *Williamson v. Apple, Inc.*, 2012 WL

2  3835104, at *1, 5 (N.D. Cal. Sep. 4, 2012, Davila, J.) (dismissing CRLA claim that iPhone glass

3  was "quickly scarred and broken" where "allegations describing the commercial depiction are not

4  plead with the specificity mandated by Rule 9(b)"). Moreover, a reasonable consumer would not

5  construe a photo of leggings to be a representation of their durability or longevity. *Id.* at *5 ("A

6  'reasonable consumer' viewing a commercial showing the iPhone 4 in use as a phone, but without

7  a cover, would not be misled to believe that the iPhone 4 could withstand any particular level of

8  impact if the phone was dropped. This is because the commercial has nothing to do with

9  durability."); *Donohue*, 871 F. Supp. 2d at 924; *Hall*, 2015 WL 9659911, at *10 n.15.

10        Even if a "photo" of LLR's leggings was actionable (it is not), it would not fall under any

11  of the cited proscriptions of the CLRA. Complaint ¶ 111. Plaintiffs do not explain with any

12  specificity how the at-issue photos misstated the "benefits," "uses," "quality," or "grade" of LLR's

13  leggings, *id.*, nor do they claim that they received a product different than the leggings appearing

14  in the alleged online "photos." Under Plaintiffs' theory, customers could rely on *any* photo

15  advertisement of a product as an ostensible promise that the product would last for some

16  indeterminate time. This is an unreasonable application of consumer laws.

17        **B.**    **Plaintiffs Have Not Alleged Pre-Sale Notice of A Defect.**

18        Plaintiffs' CLRA claim fails for the additional reason that a manufacturer is not liable for

19  defective products under the CLRA where it did not have notice of the defect before the alleged

20  purchase. *Burdt v. Whirlpool Corp.*, 2015 WL 4647929, at *3 (N.D. Cal. Aug. 5, 2015, White, J.).

21  The Complaint does not allege facts supporting the conclusion that LLR had notice of alleged

22  defects at the time of the alleged "2016" sales to Plaintiffs. While Plaintiffs cite online complaints

23  regarding the alleged tendency of LLR leggings to tear, Complaint ¶¶ 56-61,[4] and a "reported"

24  internal e-mail describing the defect, *id.* ¶ 10, Plaintiffs do not provide dates for *any* of those

25  complaints or communications, thus failing to adequately allege that LLR knew of the alleged

26  defects at whatever time Plaintiffs made their purchases. *Burdt*, 2015 WL 4647929, at *3

27   

28  [4]    Although Plaintiff Jones also asserts allegations relating to the sizing of LLR leggings, Complaint ¶ 22, the Complaint contains no plausible allegations that LLR was on notice of alleged defects relating to product sizes. *See generally*, Complaint ¶¶ 56-61.

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

-7-

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1   ("Courts have rejected undated customer complaints offered as a factual basis for a manufacturer's

2   knowledge of a defect because they provide no indication whether the manufacturer was aware of

3   the defect at the time of sale."). In fact, while Plaintiffs claim they bought their leggings sometime

4   last year (2016), they assert that LLR received a "large number" of complaints within the "several

5   months" before the Complaint's March 2017 filing, implying that LLR *did not* have notice of the

6   alleged defects at the time of Plaintiffs' "2016" purchases. Complaint ¶ 60.

       **C.**     **Plaintiffs Failed to File the Affidavit Required Under Civil Code § 1780(d).**

8          California Civil Code Section 1780(d) provides that in any action under the CLRA, a

9   plaintiff must file an affidavit with the complaint stating facts showing that the action has been

10   commenced in the proper venue. Cal. Civ. Code § 1780(d). Plaintiffs failed to do so. Where the

11   plaintiff fails to provide the required affidavit, her complaint should be dismissed. *Castagnola v.*

12   *Hewlett-Packard Co.*, 2012 WL 2159385, at *10 (N.D. Cal. June 13, 2012, White, J.).

13   **IV.**    **PLAINTIFFS DO NOT STATE A CLAIM FOR UCL UNFAIR PRACTICES.**

14         **A.**     **Plaintiffs Do Not Satisfy Any Applicable Test for "Unfair" Conduct.**

15          To the extent that Plaintiffs' claim under the UCL's "unfair" prong is based on fraud, *see*

16   Complaint ¶ 78-79, it cannot proceed for each of the reasons stated above, namely, (1) it is not

17   pled with specificity; and (2) it is not based on an actionable misrepresentation. Section I.A,

18   *supra*. Given their inadequate pleadings, Defendants anticipate that Plaintiffs will attempt to

19   salvage their claims under the UCL's "unfair" prong by asserting they are based on product

20   defects, rather than fraud, such that Rule 9 does not apply. Without conceding the point, Plaintiffs

21   "unfair" claim is improperly alleged under any theory.

22          To successfully assert such a claim, Plaintiffs must allege either that "the consumer injury

23   is substantial, is not outweighed by any countervailing benefits to consumers or to competition,

24   and is not an injury the consumers themselves could reasonably have avoided," *Daugherty v. Am.*

25   *Honda Motor Co.*, 144 Cal. App. 4th 824, 838 (2006), or that the claim is 'tethered to a

26   constitutional or statutory provision [] or a regulation carrying out statutory policy . . . .'" *Cel-*

27   *Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 185 (1999). Plaintiffs'

28   pleadings satisfy neither test. According to Plaintiffs' allegations, LLR manufactures its leggings

---

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

-8-

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1  using techniques that ensure softness and a comfortable fit.  Complaint ¶ 60 (alleging LLR

2  "weakens" fibers to make fabric soft).  Based on the allegations of the Complaint, LLR's products

3  created with these techniques have been extraordinarily popular with the general public.  *Id.* ¶ 7

4  (alleging sales of "approximately $1 billion as of 2016").  Thus, if there is any truth to Plaintiffs'

5  allegations that the manufacturing processes of LLR's leggings result in a product that tears

6  easily—which LLR denies—Plaintiffs allege that customers benefit on the whole from LLR's

7  uniquely comfortable product.  Further, although Plaintiffs falsely allege that LLR has a "policy to

8  refuse refunds," *id.* ¶ 76, they plead no facts about their *own* attempts to seek a return or otherwise

9  remedy the harm that they allegedly suffered.  Where a plaintiff refuses to return a product, she

10  cannot allege that she was the victim of an unfair practice.  *Herron v. Best Buy Co.*, 924 F. Supp.

11  2d 1161, 1178 (E.D. Cal. 2013, Burrell J.) (plaintiff who could have returned laptop failed to

12  allege harm outweighed utility, where harm was avoidable and the product of his own behavior).

13      Moreover, Plaintiffs' alleged "unfair" conduct is not "tethered" to any "specific

14  constitutional, statutory, or regulatory provision."  *Cel-Tech Commc'ns*, 20 Cal. 4th at 185.  As

15  explained above and below, each of Plaintiffs' theories based on California consumer protection

16  statutes and warranties fail.  Outside of these claims, Plaintiffs have cited no other regulation or

17  statute that would prevent LLR from engaging in the alleged manufacturing.

18      **B.   Plaintiffs Have Not Alleged Pre-Sale Notice of A Defect.**

19      "'The failure to disclose a defect that a manufacturer does not have a duty to disclose, i.e.,

20  a defect which it is not aware, does not constitute an unfair or fraudulent practice' under the

21  UCL."  *Burdt*, 2015 WL 4647929, at *8 (*citing Wilson*, 668 F.3d at 1145 n.5).  As explained

22  above in connection with LLR's request to dismiss Plaintiffs' CLRA claim, the Complaint does

23  not adequately allege that LLR had pre-sale notice of the alleged defects.  Section III.B, *supra*.

24  Without such allegations, Plaintiffs cannot assert that LLR engaged in "unfair" practices by

25  distributing leggings.  For this reason also, Plaintiffs' claim based on the "unfair" prong of the

26  UCL should be dismissed.  *Burdt*, 2015 WL 4647929, at *8.

27  **V.   PLAINTIFFS DO NOT STATE A CLAIM FOR UCL UNLAWFUL PRACTICES.**

28      To state an "unlawful" UCL claim, a plaintiff must assert a violation of some other law.

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

-9-

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1   *See Hodges v. Apple Inc.*, 2013 WL 4393545, at *6 (N.D. Cal. Aug. 12, 2013, Orrick, J.). "In

2   addition to identifying the 'other laws,' a plaintiff 'must identify the particular section of the

3   statute that was violated' and 'plead with particularity how the facts of this case pertain to that

4   specific statute.'" *Id.* (*citing Baba v. Hewlett-Packard Co.*, 2010 WL 2486353, at *6 (N.D. Cal.

5   June 16, 2010, Seeborg, J.)). Here, Plaintiffs accuse LLR only of "breach[ing] the implied

6   warranty of merchantability and . . . express warranty" and "violat[ing]" the CLRA and FAL.

7   Complaint ¶ 94. They cite no specific legal provisions. They therefore fail to plead with

8   "particularity" the violation of any statute. Further, even if they had adequately pled a claim under

9   the UCL's "unlawful" prong, as explained above and below, they do not state a claim for violation

10   of any law relied upon as a predicate for their claim (i.e., the CLRA, FAL, or common law

11   warranties). In the absence of an underlying violation of law, the claim must be dismissed.

12   **VI.    ALTERNATIVELY, UCL OR FAL EQUITABLE RELIEF IS NOT AVAILABLE**

13   **BECAUSE PLAINTIFFS HAVE AN ADEQUATE LEGAL REMEDY.**

14   An alternative ground also exists to dismiss Plaintiffs' UCL and FAL claims because they

15   seek equitable relief where legal damages are pled. Relief under the UCL and FAL is equitable.

16   *In re First Alliance Mortg. Co.*, 471 F.3d 977, 996 (9th Cir. 2006) (*citing Madrid v. Perot Sys.

17   Corp.*, 130 Cal. App. 4th 440 (Cal. Ct. App. 2005) ("[T]he UCL limits the remedies available for

18   UCL violations to restitution and injunctive relief")); *ZL Techs. Inc. v. Gartner, Inc.*, 2009 WL

19   3706821, at *10 (N.D. Cal. Nov. 4, 2009, Fogel J.) (same for FAL). Equitable relief is not

20   available, however, where there is an adequate remedy at law. *Prudential Home Mortg. Co. v.

21   Superior Court*, 66 Cal. App. 4th 1236, 1249 (1998) (equitable relief "is subject to fundamental

22   equitable principles, including inadequacy of the legal remedy"). Here, Plaintiffs seek legal

23   damages (or express intent to), including under the CLRA and warranties, conceding that they

24   have an adequate remedy (regardless of whether they can prove an entitlement to relief). *See, e.g.*,

25   Complaint ¶¶ 105-114 (CLRA); 115-127 (warranty). Nowhere do Plaintiffs allege that the legal

26   remedies they seek are inadequate. They therefore cannot pursue an equitable remedy. *Duttweiler

27   v. Triumph Motorcycles (Am.) Ltd.*, 2015 WL 4941780, at *8 (N.D. Cal. Aug. 19, 2015, Gilliam,

28   J.) ("[I]n order to demonstrate some entitlement to equitable relief, [plaintiff] was required to

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

-10-

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1    allege facts suggesting that damages under the CLRA alone would not provide adequate relief.");

2    *Bird v. First Alert, Inc.*, 2014 WL 7248734, at *5 (N.D. Cal. Dec. 19, 2014, Hamilton, J.).

3    **VII.    PLAINTIFFS DO NOT STATE A CLAIM FOR BREACH OF IMPLIED**

4    **WARRANTY BECAUSE THEY LACK PRIVITY WITH LLR.**

5         Plaintiffs' implied warranty claim requires allegations of privity.  "The general rule is that

6    'privity of contract is required in an action for breach of either express or implied warranty and

7    that there is no privity between the original seller and a subsequent purchaser who is in no way a

8    party to the original sale.'"  *Wolph v. Acer Am. Corp.*, 2009 WL 2969467, at *2 (N.D. Cal. Sept.

9    14, 2009, White, J.) (*quoting Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695 (1954)).  "A

10   buyer and seller stand in privity if they are in adjoining links of the distribution chain."  *Clemens*

11   *v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (*citing Osborne v. Subaru of Am.*

12   *Inc.*, 198 Cal. App. 3d 646, 656 n.6 (1988)).  "Thus, an end consumer . . . who buys from a retailer

13   is not in privity with a manufacturer."  *Id.* (*citing Osborne*, 198 Cal. App. 3d at 656 n.6).

14        Not only do Plaintiffs *fail* to allege that privity exists, the facts recited in the Complaint

15   affirmatively establish that there *cannot be* privity between LLR and the end-purchaser.  Plaintiffs

16   allege that LLR is a "manufacturer" of the leggings, Complaint ¶ 14, who sells the product

17   through "Independent Retailers" (or "Fashion Consultants") at wholesale prices.  *Id.* ¶ 3.  Plaintiffs

18   claim that the Independent Retailers, in turn, "sell the [at-issue] Products to consumers through in-

19   home and online 'boutiques.'"  *Id.*  Plaintiffs each assert that they purchased their leggings from

20   such a "Fashion Consultant," not LLR, *id.* ¶¶ 19, 22, and further claim that LLR's products are not

21   available in retail stores or through the company website.  *Id.* ¶ 2.

22        Based on these allegations, it is clear that LLR and Plaintiffs are not "adjoining links of the

23   distribution chain."  *Clemens*, 534 F.3d at 1023.  Under similar circumstances, the Court

24   determined in *Wolph, supra*, that plaintiffs who purchased a laptop from Wal-Mart (the retailer)

25   were not in privity with Acer (the manufacturer), and thus could not assert a claim for breach of

26   implied warranty against Acer.  2009 WL 2969467, at *2-3.  This rationale is equally applicable

27   here, and warrants dismissal without leave to amend.

28   / / /

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

-11-

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

**VIII.** **PLAINTIFFS DO NOT STATE A CLAIM FOR BREACH OF EXPRESS**
**WARRANTY BECAUSE THEY HAVE ALLEGED NO EXPRESS PROMISE.**

To plead breach of express warranty under California Commercial Code section 2313, a plaintiff must allege facts showing (1) the seller's statements constitute an "'affirmation of fact or promise'" or a "'description of the goods;'" (2) the statement was "'part of the basis of the bargain;'" and (3) the warranty was breached. *In re Conagra Foods, Inc.*, 90 F. Supp.3d 919, 984 (C.D. Cal. 2015, Morrow J.) (*citing Weinstat v. Dentsply Int'l., Inc.*, 180 Cal. App. 4th 1213, 1227 (2010) (*citing* Cal. Com. Code § 2313)). To be actionable, the "affirmation of fact or promise" must be a "specific and unequivocal written statement" about the product that constitutes an "explicit guarantee." *In re iPhone 4S Consumer Litig.*, 2014 WL 589388, *8 (N.D. Cal. Feb. 14, 2014, Wilken, J.) (*quoting Maneely v. Gen. Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997)).

Plaintiffs' claim first fails because Section 2313 applies only to "sellers," and LLR is not a "seller" as to Plaintiffs.[5] Plaintiffs allegedly bought leggings from "Fashion Consultants," not LLR. Complaint ¶¶ 19, 22. Plaintiffs merely allege that LLR is a "merchant," a term defined in the Code distinctly from "seller." Complaint ¶ 123; Cal. Com. Code §§ 2104, 2103.

More fundamentally, Plaintiffs cannot point to any false "specific and unequivocal written statement" LLR actually made about the leggings. Plaintiffs allege that LLR warranted that its leggings "were suitable for wear, daily activities and covering." Complaint ¶ 124. The facts pled by Plaintiffs, however, do not support such a "warranty." The "photos" of the leggings that Plaintiffs allege they viewed do not make any explicit statement about the quality or capabilities of the leggings, and certainly do not amount to an "unequivocal written statement" that the leggings were suitable for "daily activities." *In re iPhone 4S Consumer Litig.*, 2014 WL 589388, at *8; *Baltazar v. Apple, Inc.*, 2011 WL 3795013, at *3 (N.D. Cal. Aug. 26, 2011, Fogel, J.) (noting plaintiffs' failure to "point to any cases in which a court found that advertising images alone are sufficient to create[] an express warranty"). While Plaintiffs also vaguely rely on statements that the leggings could be "sport[ed]" at "Pilates class" or for a "girls['] night" to contend that LLR

---

[5]    Cal. Com. Code § 2103(1)(d) defines a "seller" as "a person who sells or contracts to sell goods." Plaintiffs never allege that LLR sold them anything, but instead assert that they purchased leggings from a "Fashion Consultant." Complaint ¶¶ 19, 22.

-12-

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1   "warrant[ed]" they are "fit for athletic use," Complaint ¶ 45, 46, Plaintiffs nowhere assert that they

2   saw or relied on these statements, such that they cannot be the "basis" of Plaintiffs' purchase. *See*

3   *In re iPhone 4S Consumer Litig.*, 2014 WL 589388, at *8.

4   **IX.   "UNJUST ENRICHMENT" IS NOT A CAUSE OF ACTION.**

5       For their final claim, Plaintiffs alleged "unjust enrichment. Complaint ¶¶ 128-131.

6   "Under California law, unjust enrichment is a theory of recovery, not an independent legal claim.

7   [Citations] Therefore, although Plaintiff may be entitled to recovery for unjust enrichment under

8   other theories of liability, a claim for unjust enrichment does not constitute a stand-alone cause of

9   action." *Khasin v. R.C. Bigelow*, 2013 WL 2403579, at *4 (N.D. Cal. May 31, 2013, White J.);

10   *Wolph*, 2009 WL 2969467, at *5 (same).  As a result, the claim must be dismissed.

11   **X.   PLAINTIFFS DO NOT ASSERT A PLAUSIBLE THEORY OF LIABILITY**

12        **AGAINST THE INDIVIDUAL DEFENDANTS.**

13       Each of Plaintiffs' claims should be dismissed.  Even, however, if claims are permitted to

14   go forward against the company defendants (i.e. LLR, Inc. and LuLaRoe, LLC), Plaintiffs' claims

15   against Ms. Brady and Mr. Stidham individually do not satisfy the plausibility standards of Rule 8

16   of the Federal Rules of Civil Procedure and cannot proceed. *Iqbal*, 556 U.S. at 678 ("A claim has

17   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

18   reasonable inference that the defendant is liable for the misconduct alleged.").

19       While Plaintiffs attempt to "lump together" Ms. Brady and Mr. Stidham with the corporate

20   defendants to assert each of their claims against all parties, *see* Complaint ¶ 1, they do not allege

21   any facts that would make Ms. Brady and Mr. Stidham liable for the acts of LLR.  The only

22   conceivable basis for such claims would be "alter ego" theories.  "California recognizes alter ego

23   liability where two conditions are met:  First, where 'there is such a unity of interest and

24   ownership that the individuality, or separateness, of the said person and corporation has ceased;'

25   and, second, where 'adherence to the fiction of the separate existence of the corporation would . . .

26   sanction a fraud or promote injustice.'" *Goodrich v. Briones (In re Schwarzkopf)*, 626 F.3d 1032,

27   1038 (9th Cir. 2010) (*citing Wood v. Elling Corp.*, 20 Cal. 3d 353 (Cal. 1977)).

28       Plaintiffs do not plausibly allege the existence of either condition. *Long v. Postorivo*, 2007

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

-13-
NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1   WL 2990457, at *1 (N.D. Cal. Oct. 11, 2007, Breyer, J.) (*citing RAE Sys. Inc. v. TSA Sys., Ltd.*,

2   2005 WL 1513124, at *3 (N.D. Cal. June 24, 2005, Smith J.)) ("At the pleading stage, conclusory

3   allegations that a corporate entity is the alter ego of the defendant are insufficient to survive a

4   motion to dismiss."). Plaintiffs claim only that Ms. Brady and Mr. Stidham "controlled and

5   directed" LLR's activities, and "jointly made decisions regarding Product manufacturing and

6   directed Fashion Consultants." Complaint ¶¶ 27, 28. The fact that an individual makes such

7   decisions, however, does not expose him or her to liability on the corporation's behalf, particularly

8   where there "is a general presumption in favor of respecting the corporate entity." *Monaco v.*

9   *Liberty Life Assur. Co.*, 2007 WL 1140460, at *4 (N.D. Cal. Apr. 17, 2007, Jenkins, J.).

10  **XI.    CALIFORNIA LAW DOES NOT APPLY TO PLAINTIFF DEAN'S CLAIMS.**

11          As set forth above, each of Plaintiffs claims, including their statutory claims, fail. Even if

12  Plaintiff Jones could assert a viable claim under the UCL, FAL, or CLRA (which she cannot),

13  Plaintiff Dean, a Massachusetts resident, does not allege either (1) injury in California; or (2)

14  wrongful conduct in California that caused her alleged injury. Complaint ¶ 18. Plaintiffs have

15  thus failed to show that California law may apply to her claims. *See Wang v. OCZ Tech. Group,*

16  *Inc.*, 276 F.R.D. 618, 629 (N.D. Cal. 2011, Grewal, Mag. J.) ("California law embodies a

17  presumption against the extraterritorial application of its statutes."); *Norwest Mortgage, Inc., v.*

18  *Superior Ct.*, 72 Cal. App. 4th 214, 224-25 (1999) ("[S]tate statutory remedies may be invoked by

19  out-of-state parties when they are harmed by wrongful conduct occurring in California.");

20  *Castagnola*, 2012 WL 2159385, at *4 ("Plaintiffs allege that HP is based in California, but they do

21  not include any factual allegations that show that the decision to create the [offending] program or

22  the manner in which it was marketed to consumers emanated from California.").

23          Here, Plaintiffs allege only that Plaintiff Dean is a Massachusetts resident and that LLR

24  has headquarters in California. Complaint ¶¶ 18, 24, 25. In determining whether California

25  statutes should be applied to non-residents, though, courts "look to the offending activity alleged

26  to have taken place in the state, not solely whether a defendant is incorporated or headquartered

27  there." *Wang*, 276 F.R.D. at 630. Plaintiff Dean does not allege any specific factual basis to

28  plausibly support a claim that the alleged wrongdoing emanated from California.

Rutan & Tucker, LLP
attorneys at law

2610/033910-0002
10868583.3 a05/04/17

-14-

NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW

1    Further, even if California statutes *could* apply to Ms. Dean's claims, *Mazza v. Am. Honda*

2  *Motor Co., Inc.*, 666 F.3d 581 (9th Cir.) provides that they *should not* under California's choice of

3  law rules because she was ostensibly harmed in Massachusetts. *See id.* at 592 (*citing McCann v.*

4  *Foster Wheeler LLC*, 48 Cal.4th 68, 91 (2010) ("[E]ach state has an interest in setting the

5  appropriate level of liability for companies conducting business within its territory.")). As a

6  result, Plaintiff Dean cannot invoke the UCL, FAL, or CLRA.

7  **XII.    PLAINTIFFS DO NOT HAVE STANDING TO SEEK INJUNCTIVE RELIEF.**

8    Federal courts are courts of limited jurisdiction. *See Spokeo, Inc. v. Robins*, 136 S.Ct.

9  1540, 1546-47 (2016) (*citing* U.S CONST., art. III). Before hearing a controversy, they must have

10  subject matter jurisdiction, which plaintiffs bear the burden of demonstrating. *Chambers v. CVS*

11  *Pharm., Inc.*, 2009 WL 2579661 at *2 (S.D. Cal. Aug. 19, 2009, Houston, J.). In other words, "a

12  plaintiff must demonstrate standing separately for each form of relief sought." *Castagnola*, 2012

13  WL 2159385, at *5 (dismissing claim for injunctive relief under Fed. R. Civ. Proc. 12(1)(b)).

14    To demonstrate standing for future injunctive relief, a plaintiff must establish a "real or

15  immediate threat" of repeated injury. *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1042 (9th

16  Cir. 1999). Here, while Plaintiffs seek injunctive relief, Complaint ¶ 82, they now know of the

17  LLR's allegedly deceptive practices, and therefore, cannot claim a threat of future harm. They

18  summarily allege that they "would like to purchase additional leggings in the future," Complaint

19  ¶¶ 20, 23, but this does not satisfy Article III. *See Spokeo, supra*; *Castagnola*, 2012 WL 2159385,

20  at *6 (no standing "[e]ven if [plaintiffs] did include" allegations of future purchases); *Rahman v.*

21  *Mott's LLP*, 2014 WL 5282106, at *6 (N.D. Cal. Oct. 15, 2014, Illston, J.) ("Similarly . . . feeling

22  that one cannot trust defendant's future representations is not sufficient harm . . . .").

23                                  **CONCLUSION**

24    LLR respectfully requests that the Complaint be dismissed without leave to amend.

25  Dated: May 4, 2017                     RUTAN & TUCKER, LLP

26                                  By:   */s/ Michael T. Hornak*
27                                        Michael T. Hornak
                                          Attorneys for Defendants
28                                        LULAROE, LLC; LLR, INC.; DEANNE
                                          BRADY; and MARK STIDHAM

Rutan & Tucker, LLP
attorneys at law
2610/033910-0002
10868583.3 a05/04/17

-15-
NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION
COMPLAINT CASE NO. 17-CV-01579-JSW