Michael T. Hornak (State Bar No. 81836)
mhornak@rutan.com
Alejandro S. Angulo (State Bar No. 217823)
aangulo@rutan.com
Lucas K. Hori (State Bar No. 294373)
lhori@rutan.com
Samantha L. Goates (State Bar No. 310610)
sgoates@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:    714-546-9035

Attorneys for Defendants
LULAROE, LLC and LLR, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## (OAKLAND DIVISION)

| | |
|---|---|
| JULIE DEAN and SUZANNE JONES, on behalf of themselves and all others similarly situated,,<br><br>            Plaintiffs,<br><br>       vs.<br><br>LULAROE, LLC; and LLR, INC.,<br><br>            Defendants. | Case No. 4:17-cv-01579-JSW<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE NATIONWIDE CLASS DEFINITION IN PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Hon. Jeffrey S. White<br>Date:                  July 21, 2017<br>Time:                  9:00 A.M.<br>Courtroom:        5<br><br>Date Action Filed:  March 23, 2017<br>Trial Date:            n/a |

/ / /

/ / /

/ / /

Rutan & Tucker, LLP
*attorneys at law*

2503/033910-0002
10984975.3 a06/01/17

NOTICE OF MOTION AND MOTION TO STRIKE NATIONWIDE CLASS
DEFINITION IN FAC CASE NO. 4:17-cv-01579-JSW

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on July 21, 2017, at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 5 of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, defendants LLR, Inc. and LuLaRoe, LLC (together, "LLR") will and hereby do move the Court to strike the nationwide class definition in the First Amended Class Action Complaint (the "FAC") filed by plaintiffs Suzanne Jones and Julie Dean (collectively, "Plaintiffs"), pursuant to the Federal Rules of Civil Procedure, Rules 1, 12(b)(6), and 12(f).

## RELIEF REQUESTED

An order striking the nationwide class definition in the FAC.  Fed. R. Civ. Proc. 12(b)(6), 12(f).

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs Suzanne Jones and Julie Dean, who are residents of California and Massachusetts, respectively, seek to represent a nationwide class of individuals with respect to alleged defects in LLR's leggings.  FAC ¶¶ 17, 22, 8.  In addition to common law warranty and unjust enrichment claims, Plaintiffs allege multiple counts under California statutes, including California's Unfair Competition Law (the "UCL," Cal. Bus. & Prof. Code §§ 17200 *et seq.*), False Advertising Law (the "FAL," Cal. Bus. & Prof. Code §§ 17500 *et seq.*), and the California Consumer Legal Remedies Act (the "CLRA," Cal. Civ. Code § 1750 *et seq.*).  FAC ¶¶ 95-145.  Despite relying extensively on California law, Plaintiffs purport to broadly define a class to encompass residents from all 50 states, as follows:

> *All individuals residing in the United States* who, after March 31, 2016, purchased for personal, family or household use, LuLaRoe branded leggings manufactured outside of the United States.  FAC ¶ 84 (emphasis added).

Pursuant to Rule 12(f), Plaintiffs' national class allegations should be stricken.  Controlling Ninth Circuit law provides that where there are material differences between California consumer protection laws and consumer protection laws in other states, the state in which the "place of the wrong" occurred has the strongest interest in the application of its own consumer protection laws.

Rutan & Tucker, LLP
*attorneys at law*

2503/033910-0002
10984975.3 a06/01/17

NOTICE OF MOTION AND MOTION TO STRIKE NATIONWIDE CLASS
DEFINITION IN FAC CASE NO. 4:17-cv-01579-JSW

1  *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).  Here, there is no question that

2  Plaintiffs' broad class definition will capture individuals involved in transactions that occurred in

3  numerous states across the country—even Plaintiff Dean admits she is a resident of Massachusetts

4  and alleges no facts to suggest she purchased any product in California.  Each of these

5  jurisdictions has interests superior to California's in applying their own consumer protection laws

6  and *Mazza* therefore precludes this Court from certifying a nationwide class.

7  　　　Because it is clear at the pleading stage that Plaintiffs' nationwide class definition is

8  improper, immaterial, and will only serve to permit expensive (and ultimately unnecessary)

9  nationwide discovery, the nationwide class definition and all related allegations should be

10  stricken.  Fed. R. Civ. Proc. 12(f).

11  　　　　　　　**STATEMENT OF ISSUE TO BE DECIDED**

12  　　　Whether Plaintiffs' nationwide class allegations are immaterial and should be stricken in

13  light of the material differences among consumer protection laws across the country.

14  　　　　　　　**SUCCINCT STATEMENT OF RELEVANT FACTS**

15  　　　Plaintiffs claim that LLR[1] sells defective leggings that tear easily.  FAC ¶¶ 8, 9.  Based on

16  the allegations in the Complaint, Plaintiffs assert claims for unfair, fraudulent, and unlawful

17  business practices under the UCL; violation of the FAL; violation of the CLRA; breach of implied

18  warranties; and unjust enrichment.  *Id.* ¶¶ 95-145.

19  　　　The Complaint makes much of LLR's recent growth, alleging that LLR's "sales have

20  soared 600 percent to approximately $1 billion as of 2016."  *Id.* ¶ 7.  Plaintiffs repeatedly assert

21  that these sales occur "throughout the United States."  *See, e.g., id.* ¶ 2 ("Defendants sell brightly

22  colored and patterned clothing, such as dresses, tops and leggings (the 'Products'), throughout the

23  United States."), ¶ 5 ("As of 2017, there are approximately 80,000 Fashion Consultants selling

24  Defendants' clothing, including the Products, throughout the United States.").  Confirming that

25  LLR's leggings are sold in many jurisdictions throughout the country, Plaintiff Julie Dean alleges

26  she "is a resident and citizen of Massachusetts," while Plaintiff Suzanne Jones alleges she is a

27

28  [1]  Plaintiffs bring claims against both "LuLaRoe, LLC" and "LLR, Inc."  LuLaRoe, LLC is not the manufacturer of legging products and is not a proper defendant.  LLR reserves all rights to demand dismissal of LuLaRoe, LLC if any of Plaintiffs' claims survive the pleading stage.

Rutan & Tucker, LLP
attorneys at law

2503/033910-0002
10984975.3 a06/01/17
-2-
NOTICE OF MOTION AND MOTION TO STRIKE NATIONWIDE CLASS
DEFINITION IN FAC CASE NO. 4:17-cv-01579-JSW

California resident. *Id.* ¶¶ 17, 22.[2]  Despite the material differences between the laws of each of the 50 states, Plaintiffs assert their California claims on behalf of a proposed nationwide class defined as "[a]ll individuals residing in the United States who, after March 31, 2016, purchased for personal, family or household use, LuLaRoe branded leggings manufactured outside of the United States." *Id.* ¶ 84.

## ARGUMENT

## I.  THE COURT MAY STRIKE IMMATERIAL PLEADINGS.

The Court has authority to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "Immaterial" matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. *Kay v. Wells Fargo & Co. N.A.*, 2007 WL 2141292, *6 (N.D. Cal. July 24, 2007, Alsup J.).  Rule 12(f) is a vehicle by which to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co., Inc.*, 697 F.2d 880, 885 (9th Cir. 1983).  As a result, under Rule 12(f) the Court can strike a class definition that is so overly broad it alleges relief that is not available to absent class members.  *See In re Capacitors Antitrust Litigation*, 106 F.Supp.3d 1051, 1073-1074 (N.D. Cal. 2015, Donato, J.) (granting motion to strike all nationwide class allegations because of conflict of laws issues); *Kay,* 2007 WL 2141292 at *16 (granting motion to strike allegations of equitable tolling asserted on behalf of class members); *Arroyo v. TP-Link USA Corp.*, 2015 WL 5698752, *6 (N.D. Cal. Sept. 29, 2015, Davila, J.) (although "[t]he majority of choice of law analysis is often done during the class certification stage," it may be more appropriate to address it at the pleading stage when "the primary plaintiff, not potential class members, seeks to assert application of California law."); *Frenzel v. AliphCom*, 76 F.Supp.3d 999, 1007-1008 (N.D. Cal. 2014, Orrick, J.) ("In factually analogous cases, *Mazza* is 'not only relevant but controlling,' even at the pleading phase."); *Frezza v. Google, Inc.*, 2013 WL 1736788, *17-*18 (N.D. Cal. April 22, 2013, Whyte, J.) ("the principle articulated in *Mazza* applies generally and is instructive even when addressing a motion

---

[2]   The FAC makes the identical allegation regarding Plaintiffs' purchase transactions and fails to identify where those crucial transactions took place: "Plaintiff Dean/Jones purchased leggings made by Defendants in 2016 from various Fashion Consultants." *Id.* ¶¶ 18, 23.

Rutan & Tucker, LLP
attorneys at law

2503/033910-0002
10984975.3 a06/01/17

NOTICE OF MOTION AND MOTION TO STRIKE NATIONWIDE CLASS
DEFINITION IN FAC CASE NO. 4:17-cv-01579-JSW

1   to dismiss."); *see also Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982)

2   ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of

3   the absent parties are fairly encompassed within the named plaintiff's claims . . . .").

4   **II.      THE COURT SHOULD STRIKE THE NATIONWIDE CLASS DEFINITION AND**

5           **ALL ACCOMPANYING ALLEGATIONS UNDER RULE 12(F).**

6           **A.    *Mazza* Holds That Nationwide Classes Are Improper Where State Laws Vary.**

7           In *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), the Ninth Circuit

8   Court of Appeals declined to certify a nationwide consumer class, vacating the district court's

9   class certification order.  In that case, plaintiffs sought to certify a nationwide class of consumers

10  who purchased or leased Acura RLs equipped with a Collision Mitigation Braking System

11  ("CMBS"), alleging Honda had misrepresented or failed to disclose certain characteristics of its

12  CMBS.  Plaintiffs argued that every class member could sue American Honda under California's

13  consumer protection laws, because American Honda's corporate headquarters are located in

14  California.  *Id.* at 590.

15          The Ninth Circuit performed a "choice of law" analysis under California law and

16  disagreed.  First, the Ninth Circuit determined that there are material conflicts between

17  California's consumer protection statutes (*e.g.*, the CLRA, UCL and FAL, the same laws pled by

18  Plaintiff in this case) and consumer protection statutes enacted by other states.  *Id.* at 591.  Next,

19  the Court found that the interest of each consumer's home state in applying its laws outweighed

20  California's interest in applying its laws.  As the Ninth Circuit explained, "the last events

21  necessary for liability as to the foreign class members—communication of the advertisements to

22  the claimants and their reliance thereon in purchasing vehicles—took place in the various foreign

23  states, not in California.  These foreign states have a strong interest in the application of their laws

24  to transactions between their citizens and corporations doing business within their state."  *Id.* at

25  594; *see Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943 (6th Cir. 2011) (affirming district

26  court's order granting motion to strike plaintiff's nationwide class allegations where "[t]heir

27  claims are governed by different States' laws, a largely legal determination, and no proffered or

28  potential factual development offers any hope of altering that conclusion, one that generally will

Rutan & Tucker, LLP
attorneys at law

2503/033910-0002
10984975.3 a06/01/17

-4-

NOTICE OF MOTION AND MOTION TO STRIKE NATIONWIDE CLASS
DEFINITION IN FAC CASE NO. 4:17-cv-01579-JSW

preclude class certification."); *Rikos v. Procter & Gamble Co.*, 2012 WL 641946, *12 (S.D. Ohio Feb. 28, 2012, Black, J.) ("While it is true that discovery may define the class more precisely, the fact remains that a nationwide class consisting of all purchasers of Align will inevitably include non-California residents who purchased the product outside of California.").

In the wake of *Mazza*, courts in the Northern District of California have consistently held that plaintiffs cannot certify nationwide classes for claims seeking relief solely under California law. *See, e.g., In re Google Android Consumer Privacy Litig.*, 2013 WL 1283236, *31, n.6 (N.D. Cal. March 26, 2013, White, J.) (citing *Mazza* and noting that "[a]lthough Plaintiffs allege that all of the relevant decisions and conduct occurred in California, not all of the Plaintiffs are residents of California" and therefore, "it is not clear that the UCL is applicable to the non-resident Plaintiffs' claims for alleged fraudulent conduct"); *Tasion Communs., Inc. v. Ubiquiti Networks, Inc.*, 308 F.R.D. 630, 638 (N.D. Cal. 2015, Chen, J.) (denying class certification where "California law does not uniformly apply to the entire class; rather the governing law for the express warranty claim will be based on where the purchaser of the TC product resided"); *Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 344479, *7 (N.D. Cal. Jan. 28, 2016, Tigar, J.) (granting defendant's motion to dismiss on the ground that plaintiff "cannot sustain a nationwide class claim for unjust enrichment under Kentucky state law because of conflicts with other state laws"); *Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 540 (N.D. Cal. 2015, Gonzalez Rogers, J.) ("certification of a nationwide unjust enrichment class is improper under Rule 23 because material variations in state law would predominate"); *Stitt v. Citibank, Nat'l Ass'n*, 2015 WL 9177662, *10, n.4 (N.D. Cal. Dec. 17, 2015, Gonzalez Rogers, J.) ("No court in this Circuit has certified a nationwide unjust enrichment class since *Mazza* and Plaintiffs have failed to show how this Court could manage a nationwide class where fifty varying states' laws would apply, as required under Rule 23(b)(3)."); *Mullins v. Premier Nutrition Corp.*, 2016 WL 3440600, *9 (N.D. Cal. June 20, 2016, Seeborg, J.) (motion to expand class certification denied where "California's interest in applying its law to the consumers in the specific ten states is weak").

Courts in the Central District of California have similarly relied on *Mazza* in holding that plaintiffs cannot certify nationwide classes for claims seeking relief solely under California law.

Rutan & Tucker, LLP
attorneys at law

2503/033910-0002
10984975.3 a06/01/17

-5-
NOTICE OF MOTION AND MOTION TO STRIKE NATIONWIDE CLASS
DEFINITION IN FAC CASE NO. 4:17-cv-01579-JSW

1   *See, e.g., Route v. Mead Johnson Nutrition Co.*, 2013 WL 658251, *9 (C.D. Cal. Feb. 21, 2013,

2   Wu, J.) (striking plaintiff's nationwide class allegations where "the Court [could not] see how

3   Plaintiff could ever demonstrate that, according to California's choice of law rules as set forth in

4   *Mazza*, certification of a nationwide class could be certified here"); *Gustafson v BAC Home Loans*

5   *Servicing, LP*, 294 F.R.D. 529, 537 (C.D. Cal. 2013, Staton, J.) (denying motion for class

6   certification because "certification of a nationwide UCL class fails under the government interest

7   test and the teachings of *Mazza*"); *Wolf v. Hewlett Packard Co.*, 2016 WL 7743692, *15 (C.D.

8   Cal. Sept. 1, 2016, Reid O'Connell, J.) (finding certification of the plaintiff's proposed nationwide

9   CLRA class "inappropriate" under *Mazza*).

10            **B.      *Mazza* Compels The Court To Strike Plaintiffs' Nationwide Class Allegations.**

11            In this case, application of *Mazza*'s governmental interest test to Plaintiffs' Complaint

12   compels an order striking the nationwide class definition.

13                    *1.     California's Consumer Protection Statutes Conflict With Those Enacted By*

14                    *Other States.*

15            As set forth in *Mazza*, there are numerous material differences between California's

16   consumer protection laws and consumer protection laws enacted by other states.  *See Mazza,*

17   *supra,* 666 F.3d at 591 (finding that the following differences in state law were material: "the

18   California laws at issue here have no scienter requirement, whereas many other states' consumer

19   protection statutes do require scienter.  [Citations.]  California also requires named class plaintiffs

20   to demonstrate reliance, while some other states' consumer protection statutes do not.  [Citations.]

21   . . .  The remedies permitted by other states vary and may depend on the willfulness of the

22   defendant's conduct.  [Citations.]  The elements necessary to establish a claim for unjust

23   enrichment also vary materially from state to state.  [Citations.]").

24            For example, California's CLRA and UCL each require reliance, Cal. Civ. Code § 1780(a);

25   *In re Tobacco II Cases*, 46 Cal.4th 298, 306 (2009), while the Consumer Protection Act in

26   Massachusetts—the state in which one of the named Plaintiffs resides—does not require actual

27   reliance.  *Sebago, Inc. v. Beazer E., Inc.*, 18 F.Supp.2d 70, 103 (D. Mass. 1998, Wolf, J.).  As

28   another example, while the CLRA and UCL do not impose scienter requirements, Cal. Civ. Code

Rutan & Tucker, LLP
attorneys at law

2503/033910-0002
10984975.3 a06/01/17

-6-

NOTICE OF MOTION AND MOTION TO STRIKE NATIONWIDE CLASS
DEFINITION IN FAC CASE NO. 4:17-cv-01579-JSW

§ 1770(a); *Lazebnik v. Apple, Inc.*, 2014 WL 4275008, *7 (N.D. Cal. Aug. 29, 2014, Davila, J.), plaintiffs in Minnesota must show that the defendant had "intent that others rely . . . whether or not any person has in fact been misled, deceived, or damaged thereby . . . ." Minn. Stat. § 325F.69(1). There are also material differences in the remedies available to plaintiffs under the states' varying consumer protection laws. Plaintiffs in California, for example, can recover punitive damages under the CLRA. Cal. Civ. Code § 1780(a)(4). Although plaintiffs in Massachusetts cannot recover punitive damages, they may be entitled to recover treble damages. Mass. Gen. Laws ch. 93a, § 9; *Composite Co., Inc. v. Am. Int'l Grp., Inc.*, 988 F.Supp.2d 61, 80 (D. Mass. 2013, Saylor, J.). Courts have also recognized there are material conflicts between California's warranty laws and the warranty laws of other states. *See In re Hitachi TV Optical Block Cases,* 2011 WL 9403, *17 (S.D. Cal. Jan. 3, 2011, Sabraw, J.) (citing *In re Gen. Motors Corp. Dex-Cool Products Liability Litig.*, 241 F.R.D. 305, 319-21 (S.D. Ill. 2007, Murphy, J.)) ("The case law . . . supports a finding that there are material conflicts between California's warranty laws and the warranty laws of the other states.").

### 2.   *Each Jurisdiction Has A Strong Interest In Applying Its Own Consumer Protection Laws.*

"It is a principle of federalism that 'each State may make its own reasoned judgment about what conduct is permitted or proscribed within its borders.'" *Mazza,* 666 F.3d at 591 (quoting *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003)). In fact, California law recognizes "that 'a jurisdiction ordinarily has 'the predominant interest' in regulating conduct that occurs within its borders.'" *Id.* at 592 (quoting *McCann v. Foster Wheeler LLC*, 48 Cal.4th 68, 97 (2010)). As can be inferred from (1) the fact that the individual plaintiffs in this case reside in two different states; and (2) Plaintiffs' allegations that the leggings at issue are sold "throughout the United States" through more than 80,000 Fashion Consultants, FAC, ¶¶ 2-5, 43, the consumer sales at issue in this case took place in numerous jurisdictions—perhaps even in each of the more than 50 jurisdictions in the United States. "[E]ach state has a strong interest in applying its own consumer protection laws to those transactions." *Mazza,* 666 F.3d at 592.

/ / /

Rutan & Tucker, LLP
attorneys at law

2503/033910-0002
10984975.3 a06/01/17

-7-

NOTICE OF MOTION AND MOTION TO STRIKE NATIONWIDE CLASS
DEFINITION IN FAC CASE NO. 4:17-cv-01579-JSW

*3.      The Interest Of Each Consumer's Home State Would Be Impaired If Its*
*Laws Were Subordinated To California's.*

Third, the interest of each consumer's home state in applying its laws outweighs California's interest in applying California's own laws.  Significantly, "California recognizes that 'with respect to regulating or affecting conduct within its borders, the place of the wrong has the predominant interest.'"  *Mazza,* 666 F.3d at 593 (quoting *Hernandez v. Burger*, 102 Cal.App.3d 795, 802 (1980)); *id.* ("California considers the 'place of the wrong' to be the state where the last event necessary to make the actor liable occurred.").  By contrast, "California's interest in applying its law to residents of foreign states is attenuated."  *Id.* at 594.  Notably, the fact that the defendant resides in California does not place California's "interest in regulating those who do business within its state boundaries" above "acts that took place in other states."  *Id.*  Here, the last events necessary for Defendants' liability—the sale of the leggings at issue and the alleged communications on which plaintiffs relied at the time of sale—took place in various foreign states "throughout the United States."  FAC, ¶¶ 2-5, 43.  Thus, each of those various states has the predominant interest in applying its own laws and the fact that Defendants reside in California does not outweigh the other states' interests in regulating conduct that took place within their own borders.

Under the facts and circumstances presented on the face of the Complaint, each putative class member's consumer protection claims should be governed by the consumer protection laws of the jurisdiction in which the transaction took place.  In light of the clear instruction in *Mazza*, Plaintiffs will never be able to certify the nationwide class they seek, which will inevitably include non-California residents who purchased the leggings at issue outside of California.  Given this reality, Plaintiffs' nationwide class allegations are immaterial and will only serve to allow expensive, and ultimately unnecessary, nationwide discovery.  Accordingly, the nationwide class definition and all accompanying allegations should be stricken pursuant to Federal Rules of Civil Procedure, Rule 12(f).

/ / /

/ / /

Rutan & Tucker, LLP
attorneys at law

2503/033910-0002
10984975.3 a06/01/17

-8-

NOTICE OF MOTION AND MOTION TO STRIKE NATIONWIDE CLASS
DEFINITION IN FAC CASE NO. 4:17-cv-01579-JSW

1

## **CONCLUSION**

2       LLR respectfully requests that the nationwide class definition and all accompanying

3   allegations in the FAC be stricken without leave to amend.

4   Dated:  June 1, 2017                      RUTAN & TUCKER, LLP

5
                                             By:   */s/ Michael T. Hornak*
6                                                _____
                                                 Michael T. Hornak
7                                                Attorneys for Defendants
                                                 LULAROE, LLC and LLR, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
attorneys at law

2503/033910-0002
10984975.3 a06/01/17

-9-
NOTICE OF MOTION AND MOTION TO STRIKE NATIONWIDE CLASS
DEFINITION IN FAC CASE NO. 4:17-cv-01579-JSW